#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DUSTIN ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-050-GKF-PJC |
| | ) |
| JEFF WILLIAMS; | ) |
| OTIS HUGHS; | ) |
| | ) |
| Defendants. | ) |

#### OPINION AND ORDER

On January 25, 2013, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). He also provided two (2) completed summonses and two (2) completed USM-285 Marshal service forms. Plaintiff was in custody at the Osage County Jail when he commenced this action. By Order filed January 28, 2013 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee of $12.33. On February 22, 2013, Plaintiff filed two motions: a motion for leave to file a motion, and a motion to waive initial partial filing fee. For the reasons discussed below, the Court finds Plaintiff's motion to file a motion is unnecessary and shall be declared moot. Plaintiff's motion to waive the initial partial filing fee shall be granted. However, the complaint is subject to being dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall be afforded the opportunity to file an amended complaint should he be able to cure the deficiencies identified herein.

**A.  Payment of initial partial filing fee**

As an initial matter, Plaintiff does not need to file a motion seeking leave to file a motion. For that reason, his motion for leave to file a motion to proceed without payment of initial partial

filing fee is unnecessary and shall be declared moot.  In addition, based on Plaintiff's recent statement that he lacks funds sufficient to pay the initial partial filing fee, the Court shall grant Plaintiff's motion to proceed without payment of initial partial filing fee and waive the required payment, as previously ordered. **Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.**

**B. Background**

Plaintiff asserts that this Court's jurisdiction arises under 42 U.S.C. § 1983. See Dkt. # 1 at 2. In the "Nature of Case" section of the complaint, Plaintiff describes the background of his case, as follows: "Hate crime type, delivered [sic] in difference [sic] by way of unsafe housing, results: brutal assault, loss of tooth, blood in urine, post traumatic stress accompanied with day and night terrors."  See id.  Plaintiff names two defendants: Jeff Williams, Lieutenant at Osage County Jail; and Otis Hughs, Jail Administrator. He identifies three claims:

| | |
|---|---|
| Count I: | Violation to my right to due process by lack of proper safe housing.<br>I requested separate/safe housing from Lt. Jeff Williams on Oct. 19th 2012, and was denied. |
| Count II: | Violation of equal protection by police misconduct/gross negligence.<br>On Oct. 19th 2012, after requesting separate & safe housing and was denied, I returned to my cell where I was then assaulted. |
| Count III: | Cruel and unusual punishment.<br>Having to physicaly [sic] protect myself from bodily injury upon return from court, Oct. 19th 2012. Blood in urine and feces and was denied medical treatment. |

(Dkt. # 1). As his request for relief, Plaintiff asks for "investigation of jail administration, for pain suffering and mental abuse. Pshychiatric [sic] counseling and financial retribution of 3.5 million dollars ($3,500,000.00)." Id. at 3.

Plaintiff attaches four handwritten pages, providing additional facts in support of his claims. In those pages, Plaintiff claims that on October 19, 2012, he was in the jail's transport office awaiting transportation to a hearing at Osage County District Court. Defendant Williams' office was across the hall from the transport office. Plaintiff took the opportunity to talk to Defendant Williams about his cell assignment. Plaintiff provides the following as a "quote" from the conversation:

> Plaintiff: Lt. Williams, is there any way I might be moved, possibly to another pod or to the medical pod? I do not feel safe, my cell mates are acting strangely towards me. I have been to court several times now and they are asking questions as to why nothing is being done with my case. I think they think I am a cop or something.
>
> Lt. Williams: Who is asking questions?
>
> Plaintiff: Kevin Rash and Kenneth Carter.
>
> Lt. Williams: Well, we'll see, but right now there is no place to move you. So just hang in there because the medical pod is overcrowded.

(Dkt. # 1, first handwritten page). Plaintiff goes on to claim that he proceeded to court where he was given another date. He returned to his cell where his cell mates asked him how it went at court. After telling them that he had been given another court date, one cell mate said to the other, "I told you so." Id. (second handwritten page). Later, he was assaulted, resulting in injuries to his knee and mouth. As he waited for help from the guards, his "opponent hollered profanitys [sic] and called me POLICE and PIG." Id. (third handwritten page). He told a jail official that he did not want to press charges. He also signed a "medical refusal slip for my knee and my mouth." Id. (fourth handwritten page). He was also moved "to a more safe pod and cell." Id. The next day, Plaintiff claims that he advised more than one guard that he had blood in his urine and feces. Id. However, he "never saw a doctor for that." Id. He also claims that a tooth loosened in the assault "eventually abbsessed [sic] and had to be removed . . . ." Id.

3

**C. Analysis**

    **1. Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct

4

a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

### 2. Plaintiff's complaint is subject to being dismissed

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that the complaint is subject to being dismissed for failure to state a claim upon which relief may be granted.

#### a. Defendant Otis Hughs -- no personal participation

Plaintiff is advised that personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 19898) (stating that to establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

Plaintiff names as a defendant Otis Hughs, Jail Administrator/Captain. He claims only that Defendant Hughs "is responsible for wellfare [sic] of detainees and actions of staff." See Dkt. # 1

5

at 2. To the extent he has sued Defendant Hughs in his individual capacity, Plaintiff fails to allege that Defendant Hughs personally participated in, had knowledge of, or acquiesced in any of the alleged wrongdoings. Nowhere in the complaint does Plaintiff describe any act or omission by Defendant Hughs giving rise to a constitutional violation. Clearly, Plaintiff seeks to hold Defendant Hughs liable based solely on his role as supervisor. Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted as to Defendant Hughs. For that reason, Defendant Hughs is subject to being dismissed from this action without prejudice.

### b. Failure to protect (Counts I and II)

In Counts I and II, Plaintiff claims that defendants failed to provide "proper safe housing," and were grossly negligent in violation of his right to equal protection. The Eighth Amendment's prohibition against cruel and unusual punishment, not the equal protection clause, imposes a duty on prison officials to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Pretrial detainees are entitled to the same protection regarding prison conditions under the Due Process Clause as convicted prisoners are afforded under the Eighth Amendment. Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992). To establish an Eighth Amendment violation based on an official's failure to protect, the inmate must show that (1) the alleged deprivation is objectively, "sufficiently serious," meaning the inmate "is incarcerated under conditions posing a substantial risk of serious harm" and (2) the prison official acted with "deliberate indifference," meaning the official knew of and disregarded an excessive risk to the inmate's safety. Farmer, at 834, 837; Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008). "In other words, the official must both be aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists, and he must also draw the inference." Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted).

In this case, Plaintiff's factual allegations as asserted in the complaint are inadequate to state a constitutional claim. Plaintiff's conversation with Defendant Williams, as quoted by Petitioner, was inadequate to make Williams aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Furthermore, nothing provided by Plaintiff suggests that Defendant Williams drew the inference that Plaintiff was at substantial risk of serious harm. Although Plaintiff did "not have to await the consummation of threatened injury to obtain preventative relief," he must "furnish more than a conclusory claim of being afraid." Riddle, at 1205. The Court finds that the facts alleged by Plaintiff fail to rise to the level of a constitutional violation. For that reason, Counts I and II of his complaint fail to state a claim upon which relief may be granted and are subject to being dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Inadequate medical care (Count III)

In Count III, Plaintiff alleges that he was denied medical treatment for his complaints of blood in his urine and feces. However, he does not allege that either named defendant personally participated in or played a role in the challenged conduct resulting in the denial of medical care. For that reason, Count III of Plaintiff's complaint fails to state a claim upon which relief may be granted and is subject to being dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## D. Opportunity to amend

Plaintiff will be afforded the opportunity to file an amended complaint to cure the deficiencies identified herein. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. If Plaintiff fails to file an

amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for leave to file motion (Dkt. # 5) is **declared moot**.

2. Petitioner's motion to waive payment of the initial partial filing fee (Dkt. # 6) is **granted**.

3. Payment of the initial partial filing fee is **waived**. **Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.**

4. By April 1, 2013, Plaintiff may file an amended complaint using the court-approved form and curing the deficiencies identified herein.

5. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

6. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 13-CV-050-GKF-PJC, for Plaintiff's use in complying with this Order.

DATED THIS 1st day of March, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT