IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DUSTIN ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-050-GKF-PJC |
| | ) |
| JEFF WILLIAMS; | ) |
| OTIS HUGHS; | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On January 25, 2013, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). He also provided two (2) completed summonses and two (2) USM-285 Marshal service forms. By Order filed January 28, 2013 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee of $12.33. On February 22, 2013, Plaintiff filed a motion to proceed without payment of the initial filing fee (Dkt. # 6). By Opinion and Order filed March 1, 2013 (Dkt. # 8), the Court granted Plaintiff's motion to waive payment of the initial partial filing fee and determined that the complaint was subject to being dismissed for failure to state a claim upon which relief may be granted. However, to avoid dismissal, Plaintiff was given the opportunity to file an amended complaint to cure the identified deficiencies. See Dkt. # 8. The Opinion and Order established a deadline of April 1, 2013, for compliance. Id. Plaintiff was specifically advised that should he fail "to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted." See id.

**A. Complaint shall be dismissed**

As of today's date, Plaintiff has failed to file an amended complaint as directed by the Court. His deadline has passed. For the reasons discussed in the prior Opinion and Order (Dkt. # 8), Plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the complaint shall be dismissed without prejudice.

**B. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**C. Filing fee obligations**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. See 28 U.S.C. § 1915(b). To date, the Court has received no partial payments. Therefore, as of today's date, the balance owed is **$350.00**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay, in monthly installments, the **$350.00** filing fee for this case.

4. This is a final Order terminating this action. A separate judgment shall be entered in this matter.

DATED THIS 15th day of May, 2013.

                                                      *Gregory K. Frizzell*
                                                      GREGORY K. FRIZZELL, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT